**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JURABEK BAKHODIROVICH GANIEV, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-05114 |
| | : | |
| JOHN RIFE, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

   **AND NOW**, this 27th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1), and the Government's Response to Petition for Writ of Habeas

Corpus (ECF No. 2), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1]

as follows:

---

[1] Jurabek Bakhodirovich Ganiev ("Petitioner") is a national of Uzbekistan. *See* Pet. for Habeas Corpus ¶ 19. He entered the United States on August 8, 2023, and was detained by U.S. Customs and Border Protection thereafter. *Id.* at ¶ 2. He was detained until approximately October 2, 2023, when he was released and the Department of Homeland Security ("DHS") paroled him into the United States. *Id.* at ¶ 3. Petitioner submitted an asylum application and attended all of his Immigration and Customs Enforcement ("ICE") check-ins as required by his parole. *Id*. at ¶ 5.

The Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and his detention does not offend due process. The overwhelming majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government further asserts that Petitioner is "seeking admission" and is thus covered by § 1225(b)(2). Under *Wisconsin Central. Ltd. v. United States*, 585 U.S. 274, 277 (2018), statutory terms must be interpreted according to their ordinary meaning at the time of enactment. The terms of § 1225(b)(2) support limiting the provision to noncitizens just arriving to the United States or those that have recently arrived. *Ndiaye v. Jamison*, 2025 WL 3229307, at \*5 (E.D. Pa. Nov. 19, 2025). As Judge Sánchez explained, "seeking admission" is an "affirmative, present-tense" phrase that implies affirmative conduct by a noncitizen. *Id.* This interpretation is

1.    Jurabek Bakhodirovich Ganiev is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.    The Government shall **RELEASE** Jurabek Bakhodirovich Ganiev from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on July 29, 2026;

3.    If the Government chooses to pursue re-detention of Jurabek Bakhodirovich Ganiev pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4.    The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

incompatible with applying the term to all noncitizens already living in the United States. *See id. See also Kashranov v. Jamison*, 2025 WL 3188399, at *1 (E.D. Pa. Nov. 14, 2025).

This Court is not persuaded by the Government's argument and instead, it aligns with the extensive body of decisions nationwide and with Judge Douglas' dissent in *Buenrostro-Mendez*, which criticized the majority for distorting the statutory text, ignoring context and history, and disregarding the Supreme Court's understanding of the statutory scheme. *Buenrostro-Mendez v. Bondi*, F.4th, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026); *Ndiaye*, 2025 WL 3229307, at *4-8; *Singh v. Baltazar*, 2026 WL 352870, at *4-6 (D. Colo. Feb. 9, 2026); *Castañon-Nava*, 161 F.4th at 1062; *Buenrostro-Mendez*, 2026 WL 323330, at *10-18 (Douglas, J., dissenting).

The Court concludes that Petitioner's mandatory detention without the opportunity for a bail hearing is unlawful. Accordingly, the Petition for Writ of Habeas Corpus is **GRANTED**.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.